Porter *v.* Hill.

## PORTER *vs.* HILL.

To take a demand out of the operation of the statute of limitations, there must be either an absolute promise to pay the debt ;—or a conditional promise, accompanied by proof of performance of the condition;—or an unambiguous acknowledgement of the debt, as still existing and due.

*Assumpsit* on a promissory note, dated *Feb.* 15, 1810, to which the statute of limitations was pleaded.

At the trial of this cause in the court below, before *Whitman* *C. J.* the plaintiff, to take the case out of the operation of the statute, called a witness ; who testified that in a conversation

about a year before the commencement of this suit, the defendant said that his debts had all been cancelled by the Lord about four years since, at which time he had received new light.  He also observed that the plaintiff, a few days previous, had called on him to pay a note which he held against him, but that he should not pay it ; and being asked whether he owed the note or not, he said—" I did owe the note to *Porter*, for his services as "a physician in my family, when I lived in *Biddeford* ; but the " Lord has forgiven me my debts."   The defendant was a deluded follower of one *Jacob   Cochran*, a fanatic, who committed many excesses in this county a few years since.

Upon this evidence a case being made for the opinion of the court, the Judge ruled that it was sufficient to take the case out of the statute, and entered judgment for the plaintiff, from which the defendant appealed to this Court.

*D.  Goodenow*, being about to argue for the defendant, was stopped by the court ; whose opinion being pretty strongly intimated, the cause was submitted by *Thacher & Fairfield* for the plaintiff without argument.

MELLEN C. J. delivered the opinion of the court.

In the case of *Perley v. Little 3 Greenl.* 97, we collected and examined the principal decisions upon the statute of limitations, so far as they have reference to the point as to what will amount to a new promise, or such an acknowledgement as will take a case out of the statute ; and to that case we refer.   We need do no more on this occasion than merely to state that according to the opinion there delivered, nothing short of an absolute promise; or a conditional promise accompanied by proof of a performance of the condition ; or an unambiguous acknowledgement of the debt as existing and due at the time of such acknowledgement, will save a case from the operation of the statute.   That case was not known when this cause was decided in the C. C. Pleas.   Is there in the case before us any proof of this description ?   The debt was contracted by the defendant in 1810.   Since that time it seems he has become and now is one of the followers of the

Porter *v.* Hill.

fanatical *Jacob Cochran*, and under the delusion peculiar to that infatuated sect ; according to the defendant's account, when he became a convert to their strange religion, he received new light; and, at the same time, the Lord cancelled and forgave him all his debts; and when speaking of the note in question, he said he should not pay it. Now, however wild and whimsical were the opinions entertained and expressed by the defendant, in relation to the alleged forgiveness and cancellation of his debts; yet, in searching for his intentions in the use of the language above mentioned, we may and ought to apply the maxim " as a man thinketh, so is he." He considered his debts as all irrevocable, for the reasons he assigned; and though he did not deny that he once owed the plaintiff, yet his expressions in regard to the note in question, as well as his other debts, are at least as strong as if he had said that his debts were all barred by the statute of limitations, and that he should rely on that defence. The defendant shewed his sincerity and consistency by going on and saying that he should not pay the note. Taking the circumstances of this case and all the declarations of the defendant together, we see no proof of any thing amounting to a new promise or acknowledgment of the debt sued for; but on the contrary, he avows his perfect absolution, and his determination to resist the plaintiff's claim. The present case falls within the range of our decision in the before named case of *Perley v. Little* ; and consequently the action cannot be maintained.

*Plaintiff nonsuit.*